Judge Roane
delivered the following opinion of this court.
The court is of opinion, that the devise of the land in question to William Mann, the younger,, having been by the last clause of the will of U illiam Mann, the testator, enlarged into a fee, was again reduced to a smaller estate by that clause thereof, which declares that, if any of the testator’s sons should die, their parts should be equally divided among the rest of their brothers. The event here contemplated was pot a dying merely, because that is a certain, and not a *331 t event; nor was it a dying without heirs, for that er happen so long as any of the devisees over, or ue, were living. The event contemplated, there-as a dying without issue ; which created an estate William Mann, junr. and, being enlarged into a fee r act, enures to the female appellants, among others, as rt of the heirs of the said William Mann, junr.
he court is farther of opinion, that the limitation over the brothers is not good, by way of executory devise, on e principle of being a contingency to happen within the oropass of a life or lives in being, as has been contended ; ecause the last clause of the will aforesaid, in favour of the eirs and assigns of the sons, extends to this as well as the other devises in the will contained, and, consequently, by ex^ tending the term, “ brothers,” to mean brothers and their heirs, places this case within the reason of the decision by this court in the case of Sydnor vs. Sydnor, 2 Munf. 263.
The court is therefore of opinion, that the land in ques-, tion being the proper land of William Mann, junr. deceased, the female appellants ought to recover such portions thereof as they shall shew themselves entitled to as a part of his heirs; — which portions not being as yet ascertained in the cause, the same is remanded to the Court of Chancery for the purpose of having the same adjusted, and a decree rendered according to the principles now stated ; including the land sold to Alexander MSClintic, in the proceedings men-» tioned, the sale of which having been made under a misconception of the rights of the parties, and a portion of that land being also claimed by the said M(Clintic in this suit, the said sale is to be set aside, and the purchase money, if paid, is to be decreed to be repaid to the said M‘Clintic,
With respect to the objections that this suit is brought too soon, as being in the lifetime of Mrs. Mann, the testator’s widow, and that she is no party to the suit; the last objection affords an answer to the first, as it seems to admit that the suit would now lie, if she were a party thereto. Nor will the objection that Mrs, Mann is no party, apply, if the bill be considered as in exclusion of her rights, fn that *332 view the court is inclined to consider it, and there? rules the objection, as nothing done in this case 'c^ her rights, but the decree made between the prest? ties is to be considered as entirely subject thereto.