BROWN *against* W. & G. RICKETTS, *Executors of* C. BREWERTON, deceased.

*Creditors and legatees* are exceptions to the general rule, that all persons interested in the fund, must be made parties.

Where there are several legacies given, which are to be increased or diminished, as the estate should increase or diminish, one legatee may file a bill in behalf of himself, and the other legatees who may choose to come in, against the executors, for an account and payment. But where the bill is for the residue, all the *residuary legatees* must be made parties

Where the plaintiff, in his bill, sets up a claim, independent of the will, to part of the property devised in trust to pay the legacies, he must elect to waive his claim, or wait until it be determined, before he can call for an account, or payment of part of his legacy.

THE bill which was filed by the plaintiff, in behalf of himself, and such other *legatees of Catharine Brewerton,* deceased, as might choose to come in and contribute to the expense of the suit, stated that *C. B.,* on the 5th of *June,* 1815, made her will, by which she devised all her estate, real and personal, to her executors, *in trust,* to sell the same, and out of the proceeds of the rents, profits, and sales of the real estate, in the first ward of the city of *New-York,* constituting one separate fund, to pay debts, and funeral expenses, and also, certain legacies which were specified, to near twenty, and among which was one to *W. & S. Brown,* of 3,500 dollars to be equally divided between them, &c. That if the said *fund,* should prove deficient, or exceed, &c. then the legacies were to be decreased, or increased, in proportion, &c. The testatrix died in *June,* 1815; and the bill further stated, that the testatrix was mistaken as to her being the proprietor of lot No. 27. (part of the real estate directed to be sold,) that the plaintiff believed it to have been the property of *Stephen Richard,* and had devolved on the plaintiff as one of his devisees; the plaintiff prayed, that his rights, if any he had, might be preserved, notwithstanding the bill; and that he might

*September* 30th, and *November* 9th.

1818.

BROWN
v.
RICKETTS.

not be compelled to make the other legatees parties. The plaintiff further stated, that the executors of *C. B.* had proved the will, had possessed themselves of all the real and personal estate of the testatrix, &c. had received rents, collected debts, and sold property, and received the proceeds, &c. the amount of which was not only sufficient to pay debts and legacies, but would greatly increase the latter, &c. That *W. Brown* had died, and the plaintiff had become entitled to his moiety of the 3,500 dollars, no part of which had been paid, &c. Prayer that the defendants may set forth an account and the disposition of the assets, &c., and may be decreed to pay the plaintiff the said legacy, &c.

The defendants answered, and proofs were taken in the cause, which came on to be heard this day.

*September 30th.*

*Burr*, for the plaintiff. To show that the plaintiff might sue for himself, and those who might elect to come in as parties, he cited 2 *Ch. Cas.* 124. 178. *Mitf. Pl.* 145. 2 *Freeman's Rep.* 9. *a.* 13 *Vesey*, 397. 16 *Vesey*, 325.

*Riggs*, contra, insisted, 1. That the defendants being *trustees*, and the plaintiff claiming as one of the *cestui que trusts*, he could not support this bill, for want of proper parties, as the other *cestui que trusts*, were neither plaintiffs, nor defendants ; 2. That as the bill states, that a lot of land, part of the property devised, and of the fund out of which he seeks payment of the legacy, belongs to him and not to the estate of the devisor, the bill must be dismissed, or the plaintiff be compelled to elect to claim under the will, and extinguish his pretended claim to that part of the trust estate, before he can call for an account, as a legatee.

THE CHANCELLOR. 1. The first objection made at the hearing is a want of proper parties.

It is contended on the part of the defendants, that all the legatees concerned in the fund out of which the 3,500 dollars claimed by the bill is to arise, ought to have been made parties.

This question of parties is frequently perplexing, and difficult to be reduced to rule ; but it is stated in the books, that creditors and legatees form exceptions to the general rule, that all persons interested in the fund must be parties. One creditor, or one legatee, may sue on behalf of himself and the rest, and the others may come in under the decree. The case of creditors is a familiar exception, and the exception as to legatees, *not being residuary legatees,* seems to be equally well known.

In *Haycock* v. *Haycock,* (2 *Chan. Cas.* 124.) there were separate legacies to *A.,* *B.,* and *C.,* and *B.* sued the executor, who pleaded in abatement the legacy to *C.,* and that by the will, (as in the present case,) the legacies were to be increased or diminished as the estate should increase or diminish, and that *C.* ought to be a party, "for that the account with the plaintiff would not conclude *C.,* and so the defendant would be put to two accounts, and double proof and charge."

The objection was here placed in the strongest point of view ; yet it was urged, on the other side, that where legacies were given to divers persons, each alone might sue for his legacy, and the defendant was ordered to answer.

The same objection was raised by the executor against a suit by one legatee, in the *Attorney General* v. *Ryder,* (2 *Chan. Cas.* 98.) and it met with the same fate.

It was conceded, by the counsel on each side, in *Good* v. *Blewitt,* (13 *Vesey,* 399.) that bills by creditors and legatees were exceptions to the general rule requiring all parties ; and that one might sue on behalf of himself and the rest; but it was admitted, that in bills for the residue, all the *residuary* legatees must be parties, and so it was

ruled in *Parsons* v. *Neville*, ( 3 *Bro. Chan. Rep.* 365.) The same rule, with the same exception, was declared by Lord *Eldon*, in *Cockburn* v. *Thompson*, (16 *Vesey*, 327, 328.)

It seems to be deemed material in these cases of creditors and legatees, that the bill should be stated to be on behalf of the plaintiff, and all the other persons concerned in the subject matter, so that the others may all come in under the decree. (*Sir J. Strange*, in 2 *Vesey*, 313. *Chancey* v. *May, Prec. in Chan.* 592. *Good* v. *Blewitt*, 13 *Vesey*, 399.)

In *Wiser* v. *Blachly*, (1 *Johns. Ch. Rep.* 438.) the same rule was noticed, that in a bill by a creditor or legatee, it was not necessary to make any other person than the executor or personal representative, a party ; and decisions to that effect by Lord *Hardwicke* and Lord *Rosslyn* were referred to. There is, consequently, nothing in the first objection.

2. Another objection is, that the plaintiff, in his bill, advances a claim independent of the will, to part of the very fund from which his legacy arises, which claim is repugnant to that set up as a legatee.

The lot No. 27, mentioned in the will, constituted part of the fund out of which the legacies to the plaintiff and others were to be paid, and the plaintiff cannot have the proceeds of that lot, as a legacy, and yet set up a claim to that lot in his own right, adverse to the title of the testatrix. The claim must be abandoned or disposed of, before he can be entitled to the legacy. Nor is it sufficient for the plaintiff to claim, for the present, his proportion of the legacy arising out of the *residue* of the fund, and leave his claim as a legatee on the disputed part of the fund, to abide the future event of the claim. This would be multiplying suits, and might render the defendants liable to another account for his proportion of the proceeds of that lot, after the plaintiff's claim had been determined against him. He must come into court upon such terms, as that the ac-

court to be taken and decree made in this cause, will determine his entire right as a legatee. He must either waive his claim, or wait until it be determined. The court never will permit a plaintiff to divide an entire demand into parcels and to make different suits, in succession, when one would be sufficient.

The plaintiff must be put to his election; and there are some minor points which need not be discussed; but I will endeavour to embrace in the decree all the points in this case of "entangled equity."

The following decree was entered: "That the complainant, within thirty days release, to the defendants, as executors, aforesaid, and for the exclusive benefit of the fund mentioned in the will, at his election, either all his right and title, as a claimant to lot No. 27, in the pleadings mentioned, or all his right and title as a legatee, to any part of the proceeds of the said lot, and execute and deliver such release to the defendants, or their solicitor, for, and on their behalf, after the same shall have been approved of by one of the masters of this court, or that the bill stand dismissed: *And it is further ordered, adjudged, and decreed,* that in case such release of his right and title, as a *claimant* of the lot, be given, that it then be referred to one of the masters of this court, to take and state an account of the said fund, and of the debts and funeral expenses, chargeable thereon; and that the defendants as soon as conveniently may be, after such release, shall have been duly executed and delivered, cause the said lot to be sold at public auction, on reasonable previous notice, and that the proceeds arising therefrom be included in the said account: But that if such release of his right and title, as a *legatee,* be given, that then the said account be taken exclusive of the said lot or its proceeds: *And further,* that in taking such account, the legacy to *Paul R. Randall* is to be considered subject to the same increase or dimunition as the other legacies; and the Master in taking the account

*Decree:*

1818.

TROUP
v.
SHERWOOD.

of the debts, if any existing, and chargeable on the estate, include the demand of the plaintiff, if any, as a *creditor*, and that he specially report the proofs and allegations before him in respect to such demand; and in case of such reference, the question of costs, and all other and further questions are in the mean time reserved."