Judge Carr.
' It is the constant object of Courts of Equity to do complete justice, by deciding and settling the rights of all persons interested in the subject of the suit, so as to make the performance of the order, of Court perfectly safe to all those who are compelled to obey it, and to prevent future litigation. For this purpose, all persons materially interested ought to be parties, plaintiffs or defendants, howeyer numerous they may be, that a complete decree may be made between them; Mitf. PI. 144, 145; and though the de *453 fectof parties be a ground of demurrer, yet if the party fails to demur, the Court may take notice of the defect at the hearing. There are many cases where this Court have reversed the decree and sent the cause back for the want of proper parties. In Wilcox v. Calloway, 1 Wash. 38, it is decided that where an attempt is made to subject land in the possession of a purchaser with notice, to an equitable lien, the person under whom such purchaser claims, or his legal representatives, ought to be made parties to the suit. In Duval v. Bibb, 4 Hen. &. Munf. 113, it is said that the vendee or his legal representatives ought to be parties fo a suit in Chancery, brought by the vendor against a subsequent purchaser, to recover a balance alleged to be due from the vendee. In Lewis v. Madison, 1 Munf. 303, it is laid down, that in a suit in Chancery to recover land, against a vendee, on the ground that the vendor had previously agreed to convey the same land, in a certain event, to the plaintiff, the vendor or his legal representatives ought to be made parties. Many more cases might be quoted. In Shephard’s ex’r. v. Starke, &c. 3 Munf. 29, it is decided'that if it appear on the face of the record that proper parlies to the suit are wanting, the decree will be reversed, unless the objection was expressly relinquished in the Court below.
In the case before us, it appears that J. Penn, being indebted to Long, executor of Brydie, executed to trustees a deed of trust conveying his tract of land called the Grove, to secure the payment of the said debt. The bill states, that Penn afterwards sold and conveyed this land, (or the equity of redemption, rather) to the plaintiff, Clark; but even of this, there is no evidence in the record. The deed, said to be executed to Clark, is not filed; nor is there any party before the Court, so authorised to waive the production of that deed, as to bind Penn by the waiver. But, taking it for granted, that the deed actually exists, the plaintiff is the purchaser of an equity of redemption, and files his bill to redeem, impeaching the consideration of the *454 deed of trust, contesting the amount due under it, and calling for a settlement of all these points. Is not Penn ihterested in these questions ? Suppose we were to .decide that the contract was not usurious, and that there was a balance of $2000 due on the deed of trust. Would this decree bind Penn? Suppose he were afterwards to shew, that there was no deed to Clark, or that the deed was naught. Could he not rip up all that we might do in this suit ? Could he not try over again the question of usury with Long, and also, the question of the balance really due on the trust ? I should think so.
I am, therefore, of opinion, that the decree should be reversed, and the cause sent back for proper parties.
The other Judges concurred, and the decree was reversed, and the cause sent back.*