Carr, J.
The only question worthy of consideration in this case, is, whether the proper parties are before the court ? The general rule is, that all persons interested in the subject of the suit, shall be made parties, in order that complete justice may be done, and future litigation prevented. These being the ends in view, and the rule adopted only as the *8 means of accomplishing them, we should be careful not to sacrifice the end to the means; and, on this ground, courts often modify and bend the rule, making it subservient to convenience and justice. We are to decide, whether justice reqU¡reg that We should undo all that has been done in this cause, and leave the plaintiffs to start afresh in this long race, because they did not make Dickerson Conn parties to their bill. I cannot think that this would be right. The bill claimed nothing adverse to the rights of Dickerson & Conn. They were represented by the trustee, whose own interest was the same with theirs. They were probably standing by, looking on upon the whole transaction, and well satisfied with it. We see that one of them (Dickerson) was the collector of Buck as to this very trust fund, and a witness before the commissioner. It would seem to me, that the same principle, which requires that Dickerson Sf Conn should be made parties, would, if carried out, equally require that all their creditors should be brought before the court; for they are the persons to whom Buck was to pay the money, not Dickerson & Conn: and there can be no doubt, that, though they are not parties to the deed, they have a much deeper interest in the fund provided for the satisfaction of their claims than Dickerson Conn have, and might have filed their bill against the trustee, called him to account, and made him liable to them for any mismanagement or misapplication of the fund. In the eye of equity, it was their fund, and Buck their trustee. Yet it is not pretended, that the plaintiffs, in order to come upon Buck for their claim, must have convened all these creditors before the court. In Van Vechten v. Terry, 2 Johns. Ch. Rep. 197. where real estate had been purchased by a joint fund raised by a number of subscribers, and the property conveyed to trustees, on a bill to foreclose and sell under a mortgage made by the trustees, it was held not necessary that the subscribers should be made parties; the trustees sufficiently representing all the interests concerned, for that purpose. In Branch's adm'x v. Booker's adm'or, 3 Munf. *9 43. where the will directed that each child’s portion should be laid off to it, when it separated from the family, this court held, that it was not necessary that all the children should be made parties to every suit which each child might bring for his share: yet all were interested in the common fund. There are several other cases which shew the same course of decision; Lambert v. Nanny, 2 Munf. 196. Mayo v. Murchie, 3 Munf. 358. M’Clintic v. Manns, 4 Munf. 328. In Haycock v. Haycock, 2 Ch. Ca. 124. there were separate legacies to A. B. & C. and B. sued the executor, who pleaded in abatement, the omission to make the others parties ; but the plea was overruled, and the executor ordered to answer. So in Attorney General v. Ryder, Id. 178. the same point met the same decision. The general rule as to parties is flexible, and subject to be modified according to the sound discretion of the court; Newland v. Champion, 1 Ves. sen. 105. Peacock v. Monk, Id. 131. Lawson v. Barker, 1 Bro. C. C. 303. Bishop of Winchester v. Beavor, 3 Ves. 314. Adair v. New River Co. 11 Ves. 429. Cullen v. Duke of Queensberry, 15 Ves. 14. in notes. Cockburn v. Thompson, 16 Ves. 321. I think the decree should be affirmed.
Brooke, J. The only question in this case, is, whether Buck, as a trustee of the funds of the two houses Dickerson & Conn and Dickerson & Amis, on an order drawn by Dickerson, a partner in both firms, in behalf of Pennybacker, and accepted by Buck, the trustee, could be sued by Pennybaclcer’s executors, without making all the partners of the two houses, and also all the cestuis que trust of the funds assigned, parties ? The principle, that all persons having an interest in the controversy, ought to be made parties to it, is well settled; but this principle does not apply to a case where such persons are fully represented by a party designated by themselves, as in the case before us. By the terms of the deed of assignment to Buck, he was constituted a trustee to administer the funds of both Dickerson &f Conn *10 and Dickerson & Amis, according to the provisions of the deed. The order in behalf of Pennybacker, which he accepted, was drawn on the funds in Buck’s hands by Dickerson, a partner in both houses, and accepted by Buck; conditionally, indeed, to be paid after other claims were provided for; but Buck had been constituted the trustee by the partners for this purpose; and it was not the duty of a stranger to question his authority to accept the draft drawn on him, or to take care of the interests of those who had confided that duty to him. It is true, the money drawn for was due to Pennybacker by the house of Dickerson & Amis, who were only entitled to the residuum of the funds after the payment of the debts of Dickerson & Conn: but there is no strict analogy between a trustee and an executor; the former represents all the cestuis que trust; the latter does not represent the legatees, in the same sense, and therefore, cannot be sued by one residuary legatee, without making the others parties. The house of Dickerson Conn, certainly, had an interest in seeing that the debts of that house were paid, before the debts of Dickerson & Amis; but, as regarded the creditors of either house, they had confided that interest to Buck, their trustee, and they could not require of a creditor of Dickerson & Amis, to sue all the parties to the deed of assignment which constituted Buck their trustee, and also all persons interested in the funds assigned to him, instead of Dickerson & Amis, the debtors of the appellees. If they could, they might, by the assignment of their funds, have required that all interested in them should be before the court, before a single creditor could get his money. This ought not to be tolerated in a court of equity; otherwise, a principle settled for purposes of justice, would be made to defeat it. I concur in the opinion, that the decree should be affirmed.
Tucker, P. In this case, there is but a single difficulty; and that is the want of proper parties. But I think the want of parties a fatal objection; not the omission of Dick *11 erson & Amis as parties (as Mr. Briggs contended) but the omission of Dickerson &f Conn, the peculiar objects of the trust. The rule is general and well established, that all persons concerned in interest shall be made parties, for two purposes—1. to settle the controversy all round ; and 2. because no decree should be made affecting the interest of any man, unless he has had an opportunity to contest it; for, if all parties are not before the court, contradictory decrees may result, between which the rights of a party may be overlooked or crushed. See judge Coulter’s remarks in Mayo v. Murchie, 3 Munf. 376. citing 1 Atk. 290. 2 Atk. 111. 2 Eq. Ca. Abr. 165. pl. 5. Thus, in the present case : the court has decreed that there is a residuum which Buck must pay; yet if Dickerson & Conn hereafter sue Buck, as they may, for a settlement of the trust, they may shew, that there are yet other debts of their firm, for which the fund is primarily liable, and that there is no residuum; and they will have a decree accordingly. This decree, in this case, will be no barrier to it. Thus between the two inconsistent decrees, Buck must inevitably suffer.
The necessity of parties in interest being parties to the cause, is peculiarly strong in cases of trust. As a general rule, in all cases of suits by or against a trustee, or for the settlement of a trust subject, the cestuis que trust are essential parties. Malin v. Malin & al. 2 Johns. Ch. Rep. 238. Kirk v. Clark, Prec. in Ch. 275. Adams v. St. Leger, 1 Ball &. Beat. 181. Clark v.Long, 4 Rand. 451. Theonly known exception is, where the parties are so numerous as to render it extremely inconvenient to join them all, and the court has permitted a few to sue on behalf of themselves and others; as in the case of various companies not incorporated. 2 Madd. Ch. Prac. 173. But here Dickerson & Conn are the only parties wanting; they fairly represent their own creditors, if these last be even considered cestuis que trust.
This case, however, presents the singular fact of a debtor who has conveyed his property in trust for his creditors, be *12 ing aided in drawing these funds out of the hands of the trustee, by the decree of the court of chancery, without giving the creditors an opportunity of contesting it, and of saying whether the fund will be adequate to their demands or not; and this too when the trust expressly provides, that the trustee shall not be bound to see into the accounts. It must be observed that the appellees’ testator was not one of the creditors secured by the deed. The funds were to be applied to the payment of the debts due by Dickerson fy Conn, and such debts of Dickerson &f Amis as Buck was bound for. Now, Pennybacker was not a creditor of Dickerson Conn, but of Dickerson & Amis; therefore, he did not come under the first description of persons. Nor was Buck bound for Dickerson 8f Amis’s debt due to him; therefore, he did not come under the second. He was not then a cestui que trust, and the only way in which his debt could have been made payable out of the fund was by a draft of Dickerson fy Conn, who were to have the residuum. This draft he obtained. It was a draft, then, on the residuum; and the payment of the draft to the order of Dickerson Sf Amis, would have been a payment to themselves, of a part of that residuum, which they were to have after the debts of Dickerson Sf Conn were paid, and not till then. Yet this has been decreed by tbe chancellor to be paid, without giving the cestuis que trust, Dickerson Conn, an opportunity of contesting it, and of shewing that the fund will be insufficient to pay even them. If this should prove to be fact, Buck must pay this money over again to them; or, if he prove to be insolvent, then the cestuis que trust will have lost their debts, in consequence of the trustee, under the order of the court, having violated the trust, and dissipated and misapplied the trust subject.
The analogy to the case of a suit against an executor, which was suggested by Mr. Johnson, at first view, appeared to me to be apt. But it is said, that the case of suits by creditors and legatees against an executor, form an exception to the general rule as to parties. Brown v. Rickett’s ex’ors *13 &c. 3 Johns. Ch. Rep. 555. Yet even where a residuary legatee or a distributee sues, he must make all persons parties, who are to share with him that residuum. And so I conceive, even in the case of legatees, if a testator direct a particular part of his estate to be divided between three persons, all must be parlies in a suit against the executor; or if he directs one half of his personal estate to be given to A. and the residue to B.—B. cannot sue the executor for his residuum, without making A. a party. Much more, if the devise had been to sell a particular estate, and out of the proceeds to pay first the debts of the testator’s son A. and then to pay the residuum to his son B. would it be necessary in a suit for the residuum, to make A. a party. For where a fund is to be distributed among several, it is common justice, that all who are to partake of it, should be present at the division, that they may see they get their proper portion. Had Pennybacker been a creditor named in the deed of trust, it could not have been questioned that it was necessary that the other claimants should be parties. Is the case not yet stronger, when his claim is for the residuum? The suit here, is in effect for the residuum, and the whole residuum ; for even the whole is insufficient to pay the demand. It is a demand of that residuum, too, in right of the debtor to whose order it is to be paid. Now, is it not a judicial solecism to decree the residuum of a fund for payment of debts, to the debtor, without convening the creditors before the court, and giving them an opportunity to shew, that after the payment of their demands, there will be no residuum. I think it is; and, therefore, am of opinion to reverse the decree.
Decree affirmed.