BOUEDIN, J.,
delivered the opinion of the court.
It appears as a fact proved in this record, and is also distinctly alleged in the answer of Armentrout’s executors, that Zachariah Shirley, as assignee, prior to the institution, and at the trial of this cause, was the holder of one of the bonds of David Armen-trout, deceased, in the proceedings mentioned, and that the said bond was unpaid. It further appears from the answer of the executors, that the same equity claimed against the bonds held by Gibbons, as as- *415 signee, was expressly and distinctly asserted against the bond held by Shirley. The court is therefore of opinion that the said Zachariah Shirley was directly and materially interested in the matters in controversy, and that the same should not have been adjudicated without bringing him before the court.
No principle of equity is more familiar or better settled than this: that “all persons materially interested in the subject of controversy ought to be made parties in equity, and if thej are not, the defect may be taken advantage of, either by demurrer or by the court at the hearing.” Clark v. Long, 4 Rand. 451. It is not necessary (although certainly more regular) that the objection for want of parties should be made either by plea, answer or demurrer. On the con-trarjT, “if it appear on the face of the record that proper parties are -wanting, the decree will be reserved, unless the objection was expressly relinquished *in the court below.” Sheppard’s ex’or v. Starke & wife, 3 Munf. 29.
In referring to that decision, this court does not intend to affirm that even the express relinquishment, by any party in equity, of an objection for want of proper parties, would justify the court in proceeding with the cause in the absence of such parties. We think it would not. But the case is cited to show that the appellate court will reverse for want of proper parties if apparent on the face of the record, although the objection was not made in the court below.
In that case the objection was not taken advantage of either by demurrer, plea or answer, nor was it suggested to the court below at the hearing. It was pressed for the first time in the appellate court, and the record showing on its face that there ought to be other parties, the decree was reversed.
In the case before us, the answer of Ar-mentrout’s executors distinctly and in express terms alleged that Zachariah Shirley then held, as assignee, one of the bonds aforesaid of David Armentrout, deceased, which was unpaid; and the same fact is proved by B. R. Armentrout, a witness in the cause. The answer also asserts against the bond, in the hands of Shirley, the same equity precisely which is claimed against the bonds in the hands of Gibbons. It is very manifest, therefore, that Shirley is directly interested in the questions:
1st. Whether there is an equity against either of the bonds; and secondly, if such equity exist, whether* it shall be applied against the bond held by him, or those held by Gibbons, or be equitably apportioned. It was error, therefore, to dispose of the case at all without making Shirley a party, his interest being apparent on the face of the record. Without then '^intimating any opinion on the merits of the controversy, which would be improper in the absence of Shirley, except to say, that the equity asserted by the appellants should be further considered by the court below, the court is of opinion that the decree complained of is for the reasons above stated erroneous, and should be reversed and annulled with costs to the appellants, and the cause remanded to the Circuit court for further proceedings in accordance with the principles above declared.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred in disposing of the cause in the absence of Zachariah Shirley as a party. It is therefore decreed and ordered that the decree complained of be reversed and annulled; and that the appellee, Gibbons, do pay to the appellants their costs by them expended in this court. And this cause is remanded to the Circuit court, with instructions to that court to require the ap-pellee, Gibbons, to make the said Zachariah Shirley, or his personal representatives, parties to the cause; and to consider further the equity set up in the answer of Armen-trout’s executors. Which is ordered to be certified to the said Circuit court of Rock-ingham county.
Decree reversed.