Lewis, J.
It is alleged in the complaint that Henry Parsons Farnam, late of the city of Hew York, deceased, made his last will and testament in 1873, and died December 3, 1884; that the defendants Barnum and Farnam were duly appointed administrators with the will annexed. That the testator was never married and left no descendant or ancestor surviving him, and that his only heirs-at-law and next of kin surviving him are Sarah H. Burr, his sister, and Amelia L. Farnam and Mary Farnam and Charles H. Farnam, the children of his brother Charles H. Farnam, who died in April, 1873, and that the deceased was at the time of his death the owner and in possession of a considerable personal estate, and of certain real estate in the city of Hew York and elsewhere. That in and by the will of the testator devisees were made in trust. That the trusts attempted to be created thereby are void, and that the whole estate of the testator, subject only to the payment of his debts in due administration, belongs to the heirs-at-law and next of kin and is their sole and absolute property, and the plaintiff claims that the administrators hold the same in trust for the next of kin and heirs-at-law of the deceased.
It further alleges that the question involved in the case is one of a common or general interest of many persons, and that the plaintiff brings the action not only on her own behalf, *402 but for the benefit of all heirs-at-law and next of kin who will come in and contribute to the expenses thereof, and judgment is demanded declaring the said legacies to have lapsed in favor of the next of kin, and that the trusts attempted to be created are void and adjudging that the administrators hold all said personal estate subject to the payment of debts in due administration, and in trust for the said next of kin to be distributed according to the statute of distribution. And adjudging that the said heirs-at-law are owners in fee simple absolute of the real estate. The determination of the question raised by this demurrer depends upon the construction to be given to section 448 of the Code of Procedure, which provides that “of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants. * * * And where the question is one of a common or general interest of many persons, or where the persons who might have been made parties are very numerous and it may • be impracticable to bring them all before the court, one may sue or defend for the benefit of all.”
If Sarah E. Burr, Amelia L. Farnam, Mary E. Farnam and Charles Newell Farnam are united in interest in the questions involved in this controversy within the meaning of said section, then they all must be made parties to the action and the demurrer must be sustained. If the question is one simply of a common or general interest to them, then, the plaintiff may bring this action for the benefit of herself and others interested, and the demurrer should be overruled. This was the rule before the Code (See Barbour on Parties, page 331; Brown agt. Rickerts, 3 Johns. Ch., 553 ; Thompson agt. Brown, 4 id., 619 ; Ross agt. Crary, 1 Paige, 416; Hallett agt. Hallett, 2 id., 15).
The plaintiff and the persons whom-defendants insist should be made parties, being the heirs-at-law and next of kin of the deceased testator, if a decree be made pursuant to the prayer of the complaint, these defendants, instead of holding the personal estate for the purposes named in the will, will hold *403 the same after payment of the debts of the deceased for the benefit of the next of kin, as their interests may appear. The real estate would descend to them according to the law of descent. Ho part thereof could be adjudged in this action to belong to any one of the persons named. If the object of the action were to obtain an adjudication that the whole or part of the estate belonged to the plaintiff or to the plaintiff and one or more, less than all of the other heirs-at-law or next of kin of the deceased, then it could be successfully maintained that all are necessary parties to the action, for they would have a joint interest in the question involved, but in this case they have only a common interest to have the bequests declared void, and such adjudication would inure to their common benefit. They have a like interest in the question as the judgment creditors of an insolvent debtor who had made a fraudulent assignment, would have in an action to set it aside • and have it declared void. Such creditors would have a common or general interest to have the assignment void, but their interest would not be united within the meaning of section 448 of the Code. One creditor may sue for herself and others similarly situated, to set aside the assignment without joining them as parties to the action (Hammond agt. Hudson River I. and M. Co., 20 Barb., 378; Petrie agt. Lansing, 66 Barb., 557).
When the question is one of a common or general interest of many persons, or when the persons who may be made parties are very numerous, it being impracticable to bring them all before the court, then one may sue for the benefit of all. The word “ many ” is not used in this section to express the idea of very numerous persons. There are two classes named where one may sue for all. One is where many persons have a common interest, and another where the parties are so numerous that it is impracticable to bring them all before the court. While the word “ many” as here used contemplates more than one, it does not necessarily very numerous persons while the word “ many” as ordinarily used *404 is synonymous in meaning with. “ numerous ” As used in this section in connection with the words “ common or general interest of the persons ” it means a limited number. It is the character of the interest which controls, rather than the number of persons. The third class mentioned “ very numerous” one is allowed to sue for all, as a matter of convenience in the administration of j ustice by the court. This construction was given to this section in McKenzie age. L'Amoreaux (11 Barb., 516). This case has been referred to with approval and has not been disturbed by any'case to which my attention has been called. Under the practice that existed at the time of the adoption of the Code, this action could be maintained by the plaintiff in its present form (Brown agt. Rickets, 2 Johns. Ch., 553). Actions against administrators, as well as actions against assignees for the benefit of creditors brought to set aside an assignment, are exceptions to the rule that all parties having an equitable interest named by the decree are necessary parties thereto (Moore agt. Hageman, 6 Hun, 290). In Jones agt. Fetch (3 Bosw., 66) the court says : “ On a demurrer to a complaint we apprehend that the test of the unity of interest intended by the one hundred and nineteenth (448) section, is that the joint connection with or relation to the subject' matter, which by the established practice of the common-law courts will preclude a separate action.”
The demurrer should be overruled with costs, with leave to defendants to answer in twenty days from the service of a copy of this order, upon the payment of the costs.