## PROVIDENCE COUNTY.

SUSAN HASZARD *et al. vs.* SARAH JEANETTE HASZARD.

A testator bequeathed to his wife all his household furniture and family stores "in lieu of her right of dower in my personal property." He directed his wife as executrix of the will to sell certain of his real estate and buildings on leased land and to invest "the net proceeds" of the sales in the name of his four daughters in one or more of the savings banks in the city of Providence. He also gave to his wife for life the income of all his money on deposit in two specified savings banks, and of all moneys due and owing to him after payment of his debts, funeral expenses and expenses of administration. Lastly, he gave and devised all his real estate subject to his wife's right of dower, and " the then remaining portion of the investment of personal estate " to his four daughters during their lives with remainder on the death of either or any of them as to the share of the deceased, to her child or children absolutely, and in default of

issue and descendants of such issue to the survivors of his daughters for life, with remainder to the descendants of such deceased daughter or daughters absolutely.

The testator's wife as executrix of the will in pursuance of the power conferred upon her sold the land and buildings mentioned in the power, and, to induce purchasers to accept the title to the land and the deeds under the sales, released in the deeds to the purchasers her right of dower in the lands conveyed without receiving any compensation therefor.

One of the daughters married and has two children living.

On a bill for instructions—

*Held*, that as there was no intimation in the will that the sale of the realty which the executrix was directed to make was for any specific purpose the sale was an out and out conversion of such realty into personalty, and must be deemed to have been made from the testator's decease.

*Held*, further, that the provisions made for the wife out of the personalty were intended by the testator to be exclusive of any claim on her part to any other portion of his personal estate.

*Held*, further, that the wife was not entitled to any portion of the proceeds of the realty sold under the power as dower or as compensation in lieu of dower.

*Held*, further, that the children of the married daughter of the testator are not now and will not be entitled to any portion of such proceeds unless they shall survive their mother.

Instructions given as to the disposition to be made by the executrix of the proceeds of sale.

BILL IN EQUITY for instructions.

*February* 24, 1896.  MATTESON, C. J.   This is a bill for instructions.   The case is as follows :  George W. Haszard died March 17, 1875, leaving a widow, Susan Haszard, and four daughters, viz., Susan Abbie Arnold Haszard, Ann Maria Haszard, Hannah Haszard and Sarah Jeanette Haszard. Ann Maria Haszard is now the wife of George E. B. Fairbanks, and has two children, viz., George Walter Fairbanks and Nettie Fairbanks.   George W. Haszard in his will, which was duly admitted to probate, named his widow as executrix, and she duly qualified herself to act.   The following extracts from the will are the portions material to the consideration of the questions made :—

"I give and bequeath to my beloved wife, Susan Haszard, all my household furniture and family stores, to and for her own use benefit and behoof forever, in lieu of her right of dower in my personal property."

"I direct that my two lots on the Pine Grove Plat in

North Providence, my buildings situated on leased land on Carpenter street in said Providence, and my Real Estate in South Kingstown, be sold at as early a period as in the opinion of my said wife shall be consistent with the interest of my estate, and on sale thereof I do authorize and empower my said wife, as executrix of this my will, to sign, seal, acknowledge and deliver to the purchaser or purchasers thereof the requisite Bills of Sale and Deed or Deeds thereof, receive of and from the purchaser or purchasers thereof the amount the same may be sold for, she investing the net proceeds of such sale or sales in the names of her four children, to wit :— Susan Abbie Arnold Haszard, Sarah Jeanette Haszard, Ann Maria Haszard and Hannah Haszard, in the Peoples Savings Bank in Providence or some one or more of the savings institutions in said city, or in lieu of selling said buildings to buy the lot on said Carpenter street if it can be bought."

"I also give and bequeath to my said wife, Susan Haszard, all my money with accumulated interest thereon now on deposit in my name in the Peoples Savings Bank and Rhode Island Institution for Savings in Providence, and also all sums of money due owing and payable to me from any person or persons, for and during the term of her natural life, she applying and appropriating the net amount of such receipts and collections in the first place to the payment of all my just debts, funeral expenses and expenses of settling my Estate, and in the second place to invest the residue thereof in some one or more of the Savings Banks or Institutions in said City in her name as executrix, receive the income and produce thereof, and apply and appropriate the same or so much thereof as she shall deem requisite and necessary to and for her comfortable support and maintenance."

"I give and bequeath, subject to the right of dower and power of thirds of my said wife in to and out of the same the free use of the improvements rents profits and income of all my real estate and the then remaining portion of the investment of personal estate to my said children, Susan Abbie Arnold Haszard, Sarah Jeanette Haszard, Ann Maria Haszard and Hannah Haszard, for and during the term of their natural

lives, and from after and upon the decease of any or either of them, said Susan Abbie Arnold Haszard, Sarah Jeanette Haszard, Ann Maria Haszard and Hannah Haszard, I give and bequeath the share or portion of said deceased estate to the child or children of said deceased in fee simple, and in case of the decease of either of my said children or living issue or descendants of any such issue, I give devise and bequeath the then remaining portion of my real and personal estate to the survivors of my said children for life and the descendants of such deceased child or children, their heirs executors administrators and assigns in fee simple."

Susan Haszard, in the exercise of the power conferred on her as executrix, sold and conveyed the two lots on the Pine Grove Plat in North Providence, the buildings situated on the leased land on Carpenter street in Providence, and the real estate in South Kingstown, receiving from the lots on the Pine Grove Plat and the real estate in South Kingstown, less expenses, $1365.08, and for the buildings on the leased land on Carpenter street in Providence $150, which moneys with interest amounting to $88.40, $9.56 of which is for interest on the $150 received for the buildings on Carpenter street, she now holds. To induce purchasers to accept the title to the land and the deeds under the sales, the executrix released in the deeds to the purchasers her right of dower as widow of the deceased in the lands conveyed, without receiving any compensation for the release.

The questions presented for decision are the following:

1.—Whether the complainant Susan Haszard, as the widow of the testator, is entitled to any portion of the moneys received from the sales of the real estate or of the income derived from the investment thereof, as compensation for her release of her right of dower or in lieu of such right, and if so in what manner and to what amount should she receive her share or proportion?

2.—Whether the children of Ann Maria Fairbanks are entitled to any portion of the proceeds of the sale?

3.—Whether the shares of the complainants therein and the share of the respondent shall be paid directly to them, or de-

posited in their names in such manner that they may have the control and use of the principal during their lives?

4.—Whether the share of the complainants other than Susan Haszard, and of the respondent, shall be invested and held so that the said several children of George W. Haszard shall have the use of the income only during their lives, with remainders over as provided in the residuary clause, and if so as to the method to be followed by the complainant Susan in order to preserve the said remainders?

The testator directs the sale of his two lots on the Pine Grove Plat in North Providence and his real estate in South Kingstown. As there is no intimation in the will that this sale is for any specific purpose, it must be regarded as an out and out conversion of this real estate into personalty, and must be deemed to have been made from the testator's decease. *King* v. *King*, 13 R. I. 501, 506. The testator bequeaths to his wife his household furniture and family stores in lieu of her right of dower in his personal estate. Though the term "dower" is inapplicable to personalty, his intent is apparent that the provision made for his widow in this and the subsequent clause which gives to her for life the income of his moneys on deposit in the savings banks and of the moneys due and owing to him after payment of his debts, funeral expenses and expenses of administration, was to be exclusive of any claim on her part to any other portion of his personal estate. Having accepted the provision made for her in the will, and the proceeds of the realty directed to be sold being deemed personalty, the widow is estopped from claiming dower or compensation in lieu of dower out of such proceeds, on the principle that one cannot avail himself of the provisions of an instrument which are for his benefit and reject those which are not, but must accept or reject the instrument as a whole. *Wilson* v. *Townshend*, 2 Ves. 693, 696; *Thelusson* v. *Woodford*, 13 Ves. 209, 220; *Hyde* v. *Baldwin*, 17 Pick. 303, 308; *Brown* v. *Ricketts*, 3 Johns. Ch. 553, 556.

The view that the widow was not to take any portion of the proceeds of the realty converted into personalty is

strengthened by the direction to her to invest the *net pro-ceeds* of the sale or sales in the name of the testator's four daughters.

It is our opinion, therefore, in answer to the first question, that the complainant is not entitled to any portion of the proceeds of the realty sold under the power, as dower or. as compensation in lieu of dower.

The testator directs that the proceeds of the property sold under the power shall be deposited in the names of his four daughters in the Peoples Savings Bank in Providence, or in some one or more of the other institutions for savings in said city, and gives the income of the fund so deposited to his daughters during their natural lives, with remainder on the decease of either or any as to the share or shares of such deceased, to her child or children absolutely, and in default of such issue and the descendants of such issue, to the survivors of his daughters for life, with remainder to the descendants of such deceased daughter or daughters absolutely.   In view of this direction and disposition of the fund, we answer to the third and fourth questions that the fund should be deposited in the names of the daughters in the Peoples Savings Bank or other institution or institutions for savings in Providence, with the provision that the income only shall be paid in equal shares to the daughters for life, and that on the death of either, leaving a child or children, the share of the one so dying shall be paid to her child or children, and that on the decease of the last survivor of the daughters, without leaving a child or children or the descendants of a child or children, the portion of the fund then remaining shall be paid to the descendants of any deceased daughter or daughters.

It follows from the foregoing, and we therefore answer to the second question, that the children of Ann Maria Fairbanks are not at present and will not be entitled to any portions of the fund unless they shall survive their mother.   It is unnecessary for the guidance of the complainant to go further and determine in advance the shares of the fund to which they may become entitled on the decease of their mother, and we will not now undertake to do so.

*Cyrus M. Van Slyck & Charles C. Mumford*, for complainants.

*James Tillinghast*, for respondent.