### The Farmington Savings Bank *vs.* Bernard F. Curran et al.

First Judicial District, Hartford, October Term, 1899. Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

It is an established rule of equity that a donee cannot claim and take the benefit of a devise, and at the same time assert an independent title of his own which would annul other provisions of the will and defeat the testator's gifts to other devisees.

This rule, which embodies the doctrine of election, rests upon manifest principles of equity, and is intended to do justice to all concerned by preventing one donee from taking from the estate that to which he would otherwise be entitled, until he has made good to the disappointed donees the value of the property the testator intended for them.

In the present case a testatrix, erroneously supposing that she owned in fee an entire tract of land, although she in fact owned but about

one quarter of it, devised the entire tract in specified portions to her adult children, who accepted and took possession of their respective portions. Some years later, and after the portion devised to one of the daughters had passed on her death to her minor sons and had been mortgaged to the plaintiff, the devisees discovered the lack of title in their mother and that they themselves owned three quarters of the tract in common as heirs of a deceased brother. *Held* that the defendant *C*, who received a larger share of the land under her mother's will than she would have taken as heir of her deceased brother, could not, as such heir, challenge the mortgage title of the plaintiff, except upon payment of the mortgage debt.

The plaintiff treated the facts as calling for the application of the doctrine of estoppel *in pais*, and did not in terms refer to that of election. *Held* that a mere misnomer in this respect ought not to prevent the court from doing justice between the parties.

Argued October 4th—decided October 27th, 1899.

Suit to foreclose a mortgage, brought to the Superior Court in Hartford County and tried to the court, *Thayer, J.;* facts found and judgment rendered for the plaintiff as to a part only of the mortgaged premises, and appeal by it for alleged errors in the rulings of the court. *Error and cause remanded.*

The mortgage deed in question was given by the defendant Bernard F. Curran, as guardian of William J. Sargeant and Arthur T. Sargeant, minors, by authority of the Court of Probate, to the plaintiff to secure a note of $2,200 with lawful accretions thereon. Catherine E. Curran, wife of Bernard F. Curran, is the principal defendant as the owner of the equity of redemption. The J. & J. Eager Company is also made a defendant. It has a mortgage of the premises subject to the mortgage to the plaintiff.

The defense is that the said minors had no title in or to the land mortgaged. The Superior Court found that the minors did have title to part of the land, a strip eleven feet wide on the south side of it; and that as to the remainder, a piece twenty-seven and one half feet wide on the north side, they did not have title, and rendered a judgment of foreclosure accordingly against both defendants. The plaintiff appealed.

The finding of the court shows these facts: Sarah Cassidy, then of Meriden, died on the 10th day of February, 1883,

possessed of a piece of land in Meriden, bounded north on land of the city, about 200 feet; east on Pratt street, $168\frac{1}{2}$ feet; south on land of William Corrigan, 200 feet; and west on land of Sidney Stone, $168\frac{1}{2}$ feet. This was all her estate. She left four children, who were her only heirs, namely, Catherine E. Curran, wife of Bernard F. Curran, Thomas F. Cassidy, Mary A. Sargeant and Sarah J. Donohoe. She left a will which was duly proved and established by the Court of Probate on the 15th day of February, 1883. Bernard F. Curran was named as the executor. He accepted the trust and duly qualified. The estate was duly settled in said court, and distributors were appointed who made a distribution in writing, pursuant to the specific devises in said will, as follows, viz: to said Catherine E. Curran, a strip of land fifty-three feet in width, fronting east on Pratt street, being taken from the north part of said land, which strip is designated upon the diagram as No. 1; to said Thomas F. Cassidy, a strip of land thirty-eight and one half feet in width, lying next south of the part set to Catherine E. Curran, which strip is designated as No. 2; to said Mary A. Sargeant, a strip thirty-eight and one half feet wide, lying next south of the part set to Thomas F. Cassidy, which strip is designated as No. 3; and to the said Sarah J. Donohoe, a strip of land thirty-eight and one half feet in width, lying next south of the part set to Mary A. Sargeant, being the balance of said land and designated as No. 4.

East.

Pratt street.

| North. | Distributed to Catherine E. Curran. 53 feet. (No. 1.) | Distributed to Thomas F. Cassidy. $38\frac{1}{2}$ feet. (No. 2.) | Distributed to Mary A. Sargeant. $38\frac{1}{2}$ feet. (No. 3.) The mortgaged premises. $11\frac{1}{2}$ feet | Distributed to Sarah J. Donohoe. $38\frac{1}{2}$ feet. (No. 4.) | South. |
|---|---|---|---|---|---|
| | A | | B | C | |

West.

The said distribution was returned to and accepted by the Court of Probate, and was recorded in the town records of the town of Meriden, as is required by law. All the said heirs of said Sarah Cassidy were then of full age, and they each accepted and adopted said distribution, and each entered into the possession of the piece of land so set and distributed to each of them in severalty, supposing and believing that the said Sarah Cassidy was at the time of her death the owner in fee of the whole of said real estate.

Mary A. Sargeant, to whom lot No. 3 was distributed, died on the 18th day of December, 1884, intestate, leaving two minor children, William J. Sargeant and Arthur T. Sargeant. Bernard F. Curran was appointed administrator on the estate of Mrs. Sargeant, and guardian to each of her minor children. On the 11th day of March, 1885, the said Curran was empowered by an order of the Court of Probate to borrow, for the benefit of the said minors, the sum of $2,200, and to secure the payment thereof by a mortgage of tract No. 3. And by the authority of and in compliance with the order, Curran, as such guardian, did borrow of the plaintiff, for the benefit of the said minors, the sum of $2,200, and to secure the payment thereof, executed and gave to the plaintiff a note for that amount and a mortgage upon lot No. 3; which note and mortgage are the same sought to be foreclosed in this action. The said Bernard F. Curran, as such administrator, being thereto duly authorized by the Court of Probate, on the 12th day of April, 1889, conveyed the said lot No. 3, subject to said mortgage, to William J. Sargeant, and on the same day the said Sargeant conveyed the same to Catherine E. Curran. On the 16th day of September, 1892, the said Bernard F. and Catherine E. Curran mortgaged lot No. 3, subject to the mortgage to the plaintiff, to the J. & J. Eager Company.

The said Catherine E. Curran has conveyed away the whole of lot No. 1, distributed to her pursuant to her mother's will, and has applied the entire proceeds to her own use.

About June 1st, 1890, the defendant Catherine E. Curran learned that the whole of the land disposed of by will of her mother, the said Sarah Cassidy, and distributed thereunder,

did not belong to the said testatrix. Fifty feet in width at the south end of the said piece of land (B to C) belonged to the said Sarah Cassidy in fee. In the remaining 118½ feet (B to A) she had only a life estate. The remainder interest in the said 118½ feet of land had, in his lifetime, belonged to William Cassidy, a son of Sarah Cassidy and brother to Catherine E. Curran. William Cassidy died before his mother, intestate, unmarried, and without children. So that at the death of Sarah Cassidy the said remainder interest belonged to her children. They were the heirs, being brothers and sisters of the said William Cassidy.

Since learning the true state of the title to said land, the defendant Catherine E. Curran conveyed away the land devised to her; and she has also obtained conveyances from her brothers and sisters, intending thereby to acquire from them such title as they had from their brother William in the said lot No. 3. She has at all times had full knowledge of the mortgage of the plaintiff, and has paid the interest thereon semi-annually down to 1896. She never disputed the title of the plaintiff in said lot No. 3 until after this suit was brought. The fifty feet of land owned in fee by the testatrix (B to C), Sarah Cassidy, included the lot No. 4 given by her will and set in the distribution to Sarah J. Donohoe, and eleven and one half feet on the south side of lot No. 3 given by her will and set in the distribution to Mary A. Sargeant.

*Marcus H. Holcomb* and *Charles E. Gross*, for the appellant (plaintiff).

*Seymour C. Loomis*, for the appellee (the J. & J. Eager Co.).

*Wilbur F. Davis*, for the appellee (Catherine E. Curran).

ANDREWS, C. J. Sarah Cassidy died in 1883, leaving four adult children, her only heirs. By her will she devised to them certain lands, a part of which she owned in fee, and a part of which belonged to the children in common as the heirs of a deceased brother who had died intestate. She

believed herself to be the owner of all the land and devised it specifically to her children, directing how it should be divided between them. The children all believed their mother to be the owner of all the land. To her daughter Catherine E. Curran, who is the principal defendant in this case, she devised a strip of the land fifty-three feet in width. Mrs. Curran accepted the devise and took possession of the land. By this devise Mrs. Curran obtained more of the land than she would have had in any other way. Had the will of Mrs. Cassidy been held to operate only on the land that she owned in fee, then Mrs. Curran would have taken nothing under it; she would have taken only one fourth of the land which had belonged to the deceased brother, being a little less than thirty feet. If there had been no will at all, then Mrs. Curran would have inherited from both her mother and her brother a trifle over forty feet of the land.

By her will the said testatrix, Mrs. Cassidy, devised to her daughter Mary A. Sargeant a piece of the same land, thirty-eight and one half feet wide. Mrs. Sargeant died in 1884, intestate, and this piece of land descended to her two minor sons, and was by lawful order of the Court of Probate mortgaged to the plaintiff for the benefit of those minors, by their guardian; and the money raised by that mortgage has been applied for that purpose. So that in equity the plaintiff stands in precisely the same relation to the last-mentioned piece of land as did Mrs. Sargeant. Her title to it has come to the plaintiff.

In 1890 Mrs. Curran learned the true state of the title to the land which her mother had by her will disposed of,—that her mother owned only a part of it, and that she herself, and her brothers and sisters, owned the other part. Since that time Mrs. Curran has conveyed away the land which was devised to her by her mother's will, and has appropriated the avails to her own use; she has obtained deeds from her brother and sister of their interest in the land devised to Mrs. Sargeant. These deeds give to Mrs. Curran such title to that land as the grantors inherited from their brother. And she has paid the interest on the plaintiff's mortgage, semi-annually, to 1896.

The title so acquired, joined with her own, Mrs. Curran now sets up to defeat the plaintiff. The question presented may, then, be stated in this way: May Mrs. Curran, while keeping the avails of the devise to herself in her mother's will, set up a title inherited from her brother to defeat the provisions of her mother's will in favor of Mrs. Sargeant? The plaintiff now owns the title which Mrs. Sargeant had in the land sought to be foreclosed. In her answer to the complaint Mrs. Curran says that the plaintiff is not entitled to have the foreclosure it claims, because the said minor sons of Mrs. Sargeant had no title in the land mortgaged. If they had no title to that land it is because their mother, Mrs. Sargeant had none. In disputing the claim of the plaintiff, Mrs. Curran denies that her sister, Mrs. Sargeant, took anything under the will of their mother. The Superior Court sustained this claim of Mrs. Curran in part.

We think this was error. It is a strong case for the application of the doctrine of election. "It is now a well-settled rule in equity, that if any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will, or in other words, a man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of every part of the will." *Hyde* v. *Baldwin,* 17 Pick. 303, 308; *Smith* v. *Smith,* 14 Gray, 532; *Watson* v. *Watson,* 128 Mass. 152, 154; *Whiting's Appeal,* 67 Conn. 379, 389; *Whittemore* v. *Hamilton,* 51 id. 153, 160; *Hall* v. *Pierson,* 63 id. 332, 345; *Carter's Appeal,* 59 id. 576, 587; *Weeks* v. *Patten,* 18 Me. 42; *Smith* v. *Guild,* 34 id. 443, 447; *Hamblett* v. *Hamblett,* 6 N. H. 333; *Drake* v. *Wild,* 70 Vt. 52, 56; *Brown* v. *Ricketts,* 3 Johns. Ch. 553; *Havens* v. *Sackett,* 15 N. Y. 365; 1 Woerner on Amer. Adm. p. 500; Pomeroy's Equity, § 447; *Schley* v. *Collis,* 47 Fed. Rep. 250; 2 Red. on Wills, p. 351; 2 Jar. on Wills, p. 1; *Kirkham* v. *Smith,* 1 Ves. Sen. 258; *Thellusson* v. *Woodford,* 13 Ves. Jr. 209; *Whistler* v. *Webster,* 2 id. 367; *Birmingham* v. *Kirwan,* 2 Sch. & Lef. 444; *In re Vardon's Trusts,*

L. R. 28 Ch. Div. 124; *Cooper* v. *Cooper*, L. R. 6 Ch. App. 15.

Counsel for Mrs. Curran argue that as at the time of the distribution she had no knowledge of her brother's title in the land, she could not make any election. They say election can only be made when there is full knowledge of all the facts. But election need not be made in a moment of time, nor need it be made in words. Since 1890 Mrs. Curran has known all the facts. Since that time she has parted with the land devised to her by her mother's will, and kept the proceeds; such rights in the mortgaged land as her brother and sister inherited from her brother William, she had procured to be conveyed to her. At the same time she has recognized the plaintiff's right in the land, by paying the semi-annual interest on its loan. With these facts in the record it is pretty difficult to escape the conclusion that Mrs. Curran made an election. But it is not essential to discuss this. Election does not require, in all cases, a surrender, nor does it work a forfeiture. It is not an unbending rule. It is a rule that springs from manifest principles of equity, intended to do justice to all parties concerned. It may be considered as pretty well settled that the doctrine of election is as well satisfied by compensation as by forfeiture. In that way justice is done to all.

The disappointed legatee may say to the devisee: You are not allowed by a court of equity to take from this testatrix's estate that which you would otherwise be entitled to, until you have made good to me the benefit she intended for me. 1 Pom. on Eq. Juris. § 517; 2 Beach on Mod. Eq. 1096; *Rogers* v. *Jones*, L. R. 3 Ch. Div. 688; *Pickersgill* v. *Rodger*, L. R. 5 id. 163, 173; *Roe* v. *Roe*, 21 N. J. Eq. 253; *Van Dyke's Appeal*, 60 Pa. St. 481; *Sandoe's Appeal*, 65 id. 314; *Estate of Delaney*, 49 Cal. 76; *Wilbanks* v. *Wilbanks*, 18 Ill. 17; *Marriott* v. *Badger*, 5 Md. 306.

We are of the opinion that this is the correct principle to be applied in a case like the present one: that Mrs. Curran may not assert the title which she claims to the land which was distributed to Mrs. Sargeant, except by making good

Judd et al. v. Hartford.

Mrs. Sargeant's claim to the land, that is, by making compensation to the plaintiff; because in equity the plaintiff stands to this land in the right of Mrs. Sargeant.

The reasons of appeal do not refer in terms to the doctrine of election, but treat the conduct of Mrs. Curran as calling for the application of that of estoppel *in pais*. But election is analogous to estoppel. It is hardly more than one kind of estoppel, and as all the facts upon which the equities of the case are to be adjusted are fully found, we do not think that a mere misnomer of the ground upon which the appellant relies ought to prevent us from doing justice between the parties.

There is error in the judgment of the Superior Court, and it must be set aside. The plaintiff is entitled to have a foreclosure of the whole of the land mortgaged to it, being the whole of lot No. 3, and possession of the premises as prayed for in the complaint. The case is remanded for a judgment to be rendered in conformity to this opinion.

In this opinion the other judges concurred.